# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

## No. 96-20422

_____

### TEXAS MANUFACTURED HOUSING ASSOCIATION, INC., ET AL.,

#### Plaintiffs,

### TEXAS MANUFACTURED HOUSING ASSOCIATION, INC.,

#### Plaintiff-Appellant,

#### versus

### CITY OF LA PORTE, and ZONING BOARD OF ADJUSTMENT OF THE CITY OF LA PORTE,

#### DefendantsAppellees.

Appeals from the United States District Court
for the Southern District of Texas
Houston Division
(H-94-CV-1066)

April 10, 1997

Before JONES, STEWART, and DENNIS, Circuit Judges

PER CURIAM:[*]

The Texas Manufactured Housing Association, Inc., ("TMHA") and Jan Stevenson

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

brought this suit against the City of La Porte and the Zoning Board of Adjustment of the City of La Porte (collectively, "La Porte") to challenge La Porte's denial of Mrs. Stevenson's request to place a manufactured home on her lot in an R-1 residential district. La Porte denied the request pursuant to its Ordinance 1501, which specifically excludes manufactured housing from R-1 residential districts. Mrs. Stevenson eventually settled her claim with La Porte, and the district court granted summary judgment for La Porte on all of TMHA's numerous challenges to Ordinance 1501. On appeal, TMHA only challenges the denial of its commerce clause, federal and state preemption, and equal protection claims.

Having carefully considered the oral arguments, briefs, the opinions of the district court, and the record, we conclude that the recent panel decision in *Texas Manufactured Housing Ass'n, Inc. v. Nederland*, 101 F.3d 1095 (5th Cir. 1996), essentially forecloses TMHA's arguments. In particular, we have reviewed the affidavits and exhibits[**] relied upon by TMHA at oral argument to distinguish *Nederland*, and conclude that there is no distinction sufficient to raise a genuine issue

_____

[**] Including, but not limited to, the letters of Mark S. Lewis, Chief Building Official of La Porte, to Mrs. Stevenson dated October 6, 1993 and October 14, 1993, and the affidavit of Will Ehrle, President and General Counsel of TMHA.

We have also reviewed the decision in *Colorado Manufactured Housing Association v. Board of County Commissioners of the County of Pueblo, Colorado*, 946 F. Supp. 1539 (1996), submitted by TMHA pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure. As to its treatment of the preemption issue, we do not find that opinion to be contrary to our decision, since the court only found preempted local ordinances which permitted manufactured housing only if it met local building or safety codes that were stricter than the federal requirements. *Id.* at 1551-1552. The court did not find preempted those zoning ordinances which completely barred manufactured housing from residential zones. *Id.*

As to the Colorado court's treatment of the commerce clause issue, there is insufficient discussion of the facts found to bar summary judgment for the decision to have persuasive effect on our decision. *Id.* at 1555.

of material fact on its commerce clause, preemption, or equal protection claims. Accordingly, we AFFIRM the decision of the district court.